## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**WILLIAM BISHOP, HAROLD R. BOLER, JAMES**    **PLAINTIFFS**
**CARTER, JOHN C. CONERLY, LAWRENCE HARRIS,**
**WILLIE J. HEDGEPETH, SAMUEL HUPPERICH,**
**FRANK J. NORWOOD, EUGENIA NUSSBAUM for and**
**on behalf of the heirs of MATTHEW CHARLES NUSSBAUM,**
**ROBERT PRICE, ED DOUGLAS TRAXLER, WILLIAM**
**DOUGLAS UPCHURCH, RAY T. WADE, JAMES**
**YELVERTON, CHARLES TWINER**
**and ROBERT CAMERON**

**V.**       **CASE NO. 3:04CV406BN**

**ILLINOIS CENTRAL RAILROAD COMPANY**    **DEFENDANTS**
**and CANADIAN NATIONAL RAILWAY COMPANY**

## FIRST AMENDED COMPLAINT
## (PLAINTIFFS REQUEST TRIAL BY JURY)

**COME NOW** Plaintiffs, by and through counsel, and in support of their complaint

would show the following facts and matters, to-wit:

### PARTIES

**1. Plaintiffs in this action are:**

William Bishop, an adult resident citizen of the state of Mississippi residing in

Warren County, Mississippi.

Harold R. Boler, an adult resident citizen of the state of Mississippi residing in Warren

County, Mississippi.

James Carter, an adult resident citizen of the state of Mississippi residing in Winston

County, Mississippi.

John C. Conerly, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Lawrence Harris, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Willie J. Hedgepeth, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Samuel Hupperich, an adult resident citizen of the state of Mississippi residing in Hinds County, Mississippi.

Frank J. Norwood, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Eugenia Nussbaum, surviving widow and sole heir of Matthew C. Nussbaum Deceased, is an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Robert Price, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

Ed Douglas Traxler, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

William Douglas Upchurch, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

 Ray T. Wade, an adult resident citizen of the state of Mississippi residing in Warren County, Mississippi.

James Yelverton, an adult resident citizen of the state of Mississippi residing in Simpson County, Mississippi.

2

Charles Twiner, an adult resident citizen of the state of Mississippi residing in Copiah County, Mississippi.

Robert Cameron,  an adult resident citizen of  Washington, District of Columbia.

**Defendants in this action are:**

Illinois Central Railroad Company, an Illinois Corporation which may be served by service upon its agent, C. T. Corporation System which may be found at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

Canadian National Railway Company, a corporation organized and existing under the laws of the nation of Canada which may be served by obtaining personal service of process upon its President and Chief Operating Officer, E. Hunter Harrison who may be found at 1415 N. Railroad Avenue,  Decatur, Illinois 62526.

### JURISDICTION

**2.**  This Court has jurisdiction of this action pursuant to 28 U. S. C. § 1332 inasmuch as the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.  Jurisdiction is also established in this Court pursuant to 28 U. S. C. § 1331 inasmuch as this action arises  under the laws of the United States of America, more particularly, 45 U. S. C. § 55.

### VENUE

**3.**  Venue is appropriate in this district and division as one or more of the Plaintiffs resides within this district and division and because one or more of the Defendants has a substantial presence within this district and division.  Venue is also appropriate in this district and division because the contract described herein was created in whole or in part within this

district and division and the same was to be performed in whole or in part within this district and division.

## CLAIM FOR BREACH OF CONTRACT

**4.** Plaintiffs  suffered injuries as a result of their exposure to asbestos and/or silica. Each of the Plaintiffs entered into a contract with Defendant, Illinois Central Railroad Company ("ICRR") whereby Plaintiffs and ICRR agreed to settle their asbestos/silica related personal injury claims under the *Federal Employers' Liability Act* 45 U. S. C. § 51 *et. seq*. A true copy of the writing containing the settlement offer made to each Plaintiff (with the exception of Plaintiff Robert Price) is attached hereto as Exhibit "A" and incorporated herein for all purposes.  A true copy of the writing formally accepting the settlement offer is attached hereto as Exhibit "B" and incorporated herein for all purposes.  Plaintiff Robert Price is not identified in the written settlement offer attached hereto.  However, subsequent to the offer expressed in Exhibit "A" Plaintiff Price and ICRR orally agreed to compromise and settle Plaintiff Price's claim for the amount of $115,000 subject to the terms and conditions contained Exhibit "A."  The dollar amount agreed upon as a compromise settlement of Plaintiffs' asbestos/silica related claim with ICRR is set forth below:

| | |
|---|---|
| William Bishop | $100,000 |
| Harold R. Boler | $100,000 |
| James Carter | $115,000 |
| John C. Conerly | $100,000 |
| Lawrence Harris | $100,000 |
| Willie J. Hedgepeth | $115,000 |

| | | |
|---|---|---|
| Samuel Hupperich | $100,000 | |
| Frank J. Norwood | $100,000 | |
| Matthew C. Nussbaum | $100,000 | (Eugenia Nussbaum, successor) |
| Robert Price | $115,000 | |
| Ed Douglas Traxler | $115,000 | |
| William Douglas Upchurch | $100,000 | |
| Ray T. Wade | $115,000 | |
| James Yelverton | $400,000 | |
| Charles Twiner | $ 82,500 | |
| Robert Cameron | $100,000 | |

The combined value of the settlement agreements between Plaintiffs and ICRR is $1,957,500. Plaintiffs have fully complied with all terms and conditions required in the settlement agreement. Plaintiffs are entitled to be paid the settlement amounts described in the settlement agreement. Nonetheless, without any justification, or legitimate cause, Defendant ICRR has breached the settlement agreement as ICRR refuses to pay any of the Plaintiffs the amounts due and payable under the terms of the settlement agreement.

### PUNITIVE DAMAGES AGAINST ICRR FOR BREACH OF CONTRACT

**5.** Plaintiffs incorporate herein by reference all other allegations of the complaint.

**6.** ICRR's breach of contract described herein is wilful and intentional. Such breach is without any justification whatsoever and is tantamount to an independent tort. Plaintiffs are entitled to recover punitive damages and attorneys' fees against ICRR for its wilful and wrongful breach.

**CLAIM FOR DECLARATORY JUDGMENT HEARING LOSS RELEASES**

**7.** Plaintiffs incorporate herein by reference all other allegations of the complaint.

**8.** Nearly ten (10) years prior to asserting their asbestos/silica related claims, fourteen Plaintiffs allegedly executed releases with ICRR in connection with the compromise settlement of claims relating to occupational hearing loss.  The fourteen Plaintiffs alleged to have entered into a prior release are William Bishop, Harold R. Boler, James Carter, John C. Conerly, Lawrence Harris, Willie J. Hedgepeth, Samuel Hupperich, Frank J. Norwood, Matthew C. Nussbaum, Robert Price, Ed Douglas Traxler, William Douglas Upchurch, Ray T. Wade, James Yelverton, Charles Twiner and Robert Cameron.  Each of the hearing loss claims was brought and settled pursuant to *FELA*.  Attached hereto as Exhibit "C" is the release of William Douglas Upchurch, executed May 16, 1991.  The attached release is identical in substance to the releases executed by all fourteen Plaintiffs in connection with such hearing loss claims.  *FELA* prohibits a carrier from attempting to exempt itself from liability by contract or other device.  Even so, ICRR contends that the releases given in connection with Plaintiffs' hearing loss claims constitute a bar to recovery for Plaintiffs' recovery for asbestos/silica related injuries.  Plaintiffs' asbestos/silica related injuries were not known at the time the hearing loss releases were executed.  The releases constitute a contract or device for the purpose of enabling ICRR to exempt itself from the liability created under *FELA*.  The releases contain boiler plate language detailing a laundry list of diseases and hazards which were never the subject any active controversy.  Thus, the releases do not reflect a fair and good faith attempt to finally resolve and compromise asbestos/silica related claims, the existence of which were totally unknown to Plaintiffs or Defendants at the time of the execution of the hearing loss

6

releases.  Finally, the hearing loss releases pertain only to those claims which are "pending."
ICRR has refused to pay settlements to the  fourteen Plaintiffs described herein who entered
into hearing loss releases.  The above named Plaintiffs request a judgment declaring that any
release executed in favor of ICRR relating to a compromise settlement of a hearing loss claim
is not a bar to recovery under the settlement agreement attached hereto as Exhibit "A."
Further, each of the above named Plaintiffs seeks a judgment declaring that he has otherwise
complied with the terms of the settlement agreement.

**CHARLES TWINER'S CLAIM FOR  DECLARATORY JUDGMENT**

**9.**  Plaintiff Charles Twiner incorporates herein by reference all other allegations of the
complaint.

**10.**  Charles Twiner brought a timely claim against ICRR in connection with his
asbestos/silica related injuries. Charles Twiner has otherwise complied with the terms of the
settlement agreement.  Despite the terms of the settlement agreement ICRR has refused to pay
Charles Twiner's settlement.  ICRR contends that Plaintiff Twiner's claim is barred by the
applicable statute of limitations.  Plaintiff Twiner seeks a judgment declaring that his claim was
timely brought within the applicable period of limitations.  Further, Plaintiff Twiner seeks a
judgment declaring that he has otherwise complied with the terms of the settlement agreement.

**ROBERT CAMERON'S CLAIM FOR DECLARATORY JUDGMENT**

**11.**  Plaintiff Robert Cameron incorporates herein by reference all other allegations of
the complaint.

**12.**  Robert Cameron has provided proof of a diagnosis of asbestosis from a competent
medical doctor.  Robert Cameron has otherwise complied with the terms of the settlement

agreement.  Despite the terms of the settlement agreement ICRR has refused to pay Robert

Cameron's settlement.  ICRR contends Plaintiff Cameron's claim is barred due to his failure to

provide proof of a diagnosis of asbestosis from a competent medical doctor.  Plaintiff Cameron

seeks a judgment declaring that he has provided adequate proof of a diagnosis of asbestosis

from a competent medical doctor.  Further, Plaintiff Cameron seeks a judgment declaring that

he has otherwise complied with the terms of the settlement agreement.

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

**13.**  Plaintiffs incorporate herein by reference all other allegations of the complaint**.**

**14.**  Defendant Canadian National Railway Company ("CNR") is the parent

corporation of ICRR.  ICRR is a wholly owned subsidiary of CNR.  On information and belief

ICRR is nothing more than an operating division of CNR.   ICRR has no assets, no liabilities,

and no paid employees.  Through its agents and/or employees CNR controls every aspect of

ICRR.  CNR makes all managerial and operating decisions for ICRR.  ICRR is a corporation

in name only and it is nothing more than a conduit through which CNR controls significant

operations within the United States.

**15.**  CNR is not a party to the settlement agreement between Plaintiffs and ICRR.  On

information and belief, CNR interfered with the contractual relations created and existing by

virtue of the settlement agreement between Plaintiffs and ICRR.  On information and belief,

CNR has directed and/or caused ICRR, through CNR's agents and employees, to breach the

agreement between Plaintiffs and ICRR.  CNR has directly, intentionally, and maliciously

interfered with Plaintiffs' contractual relations thereby causing Plaintiffs damages.

### PUNITIVE DAMAGES AGAINST ICRR

**16.**   Plaintiffs incorporate herein by reference all other allegations of the complaint.

**17.**   CNR's interference with the contractual relations existing between Plaintiffs and ICRR is malicious, willful and intentional.  CNR's interference is without any justification whatsoever.  Plaintiffs are entitled to recover punitive damages and attorneys' fees against CNR for the malicious, willful and intentional interference with contract described herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request the following relief:

**A.**   A money judgment against ICRR for the amount owing each Plaintiff under the settlement agreement, together with pre-judgment and post-judgment interest thereon;

**B.**   A money judgment against CNR for the amount owing each Plaintiff under the settlement agreement, together with pre-judgment and post-judgment interest thereon;

**C.**   A joint and several money judgment against ICRR and CNR for the amount owing each Plaintiff under the settlement agreement, together with pre-judgment and post-judgment interest thereon;

**D.**   A money judgment for punitive damages against ICRR in an amount not less than $5,000,000;

**E.**   A money judgment for punitive damages against CNR in an amount not less than $16,575,000;

**F.**   A judgment declaring that any hearing loss related release executed by William Bishop, Harold R. Boler, James Carter, John C. Conerly, Lawrence Harris, Willie J. Hedgepeth, Samuel Hupperich, Frank J. Norwood, Matthew C. Nussbaum, Robert Price, Ed Douglas Traxler, William Douglas Upchurch, Ray T. Wade, James Yelverton, Charles Twiner or Robert Cameron does not constitute a bar to recovery under the settlement agreement

reached between these Plaintiffs and ICRR with respect to asbestos/silica related injuries.  The above named Plaintiffs further seek a judgment declaring that each of them has otherwise complied with the terms of the settlement agreement;

**G.**  A judgment declaring that Charles Twiner's settlement with ICRR is not barred by the applicable statute of limitations.  A judgment declaring that Charles Twiner has otherwise complied with the terms of the settlement agreement;

**H.** A judgment declaring that Robert Cameron has provided  adequate proof of a diagnosis of asbestosis from a competent medical doctor in accordance with the settlement agreement.  A judgment declaring that Robert Cameron has otherwise complied with the terms of the settlement agreement;

**I.**  An award of reasonable attorney fees to Plaintiffs;

**J.**  An award of costs to Plaintiffs;

**K.** A judgment for such other additional relief to which Plaintiffs may be entitled;

**RESPECTFULLY SUBMITTED** this the 31st day of March 2005.


s/Robert A. Malouf
**ROBERT A. MALOUF**
Attorney for Plaintiffs

ROBERT A. MALOUF
State Bar No. 1844
202 North Congress Street, Suite 502
Post Office Box 22494
Jackson, Mississippi 39225-2494
Telephone 601.354.9400
Facsimile 601.354.3300

10