```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

WILLIAM BISHOP, HAROLD R. BOLER,
JAMES CARTER, JOHN C. CONERLY,
LAWRENCE HARRIS, WILLIE J.
HEDGEPETH, SAMUEL HUPPERICH, FRANK
J. NORWOOD, MATTHEW C. NUSSBAUM,
ROBERT PRICE, ED DOUGLAS TRAXLER,
WILLIAM DOUGLAS UPCHURCH, RAY T.
WADE, JAMES YELVERTON, CHARLES
TWINER AND ROBERT CAMERON                              PLAINTIFFS

VERSUS                         CIVIL ACTION NO. 3:04CV406-DCB-JCS

ILLINOIS CENTRAL RAILROAD COMPANY
AND CANADIAN NATIONAL RAILWAY
COMPANY                                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendant's Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [**docket entry no. 26**] and its Supplemental Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [**docket entry no. 52**]. Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

This case involves an alleged breach of a settlement agreement involving silica/asbestos claims between the plaintiffs and Illinois Central Railroad Company ("ICRC"). As one defense against the plaintiffs' claims that it breached the settlement agreement contract, ICRC is contending that some of the plaintiffs entered into prior releases in connection with hearing loss claims and that

those releases bar all present actions based on the subsequently settled asbestos/silica claims.

On or about February 28, 2005, the plaintiffs filed a Designation of Expert Witnesses, identifying Fritz G. Faerber, Esq. and Charles Edward Sorey, II, Esq. as experts whose testimony would be sought by the plaintiffs at trial. On March 4, 2005, ICRC filed a Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [docket entry no. 26], arguing that the purported expert opinions constituted inadmissible legal conclusions.

On May 31, 2005, the plaintiffs responded to the defendant's Motion in Limine and admitted that their initial designation of expert witnesses did contain inadmissible material. Within that response, the plaintiffs requested additional time within which to file an amended designation of expert witnesses in an attempt to offer solely admissible expert testimony. This request was granted, and on May 24, 2005, the plaintiffs' filed an Amended Designation of Expert Witnesses. ICRC responded with a Supplemental Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [docket entry no. 52], contending that the expert opinions offered still contain inadmissible legal conclusions.

## DISCUSSION

I. Defendant's Initial Motion in Limine is Moot

After ICRC's initial Motion in Limine, the plaintiffs acknowledged that there was some merit in the defendant's position

and voluntarily requested an opportunity to resolve the dispute via entry of an amended designation of experts.  Inasmuch as ICRC's initial Motion in Limine addresses the admissibility of a since-amended Designation, the Court finds that said Motion is now moot.

II.  Defendant's Supplemental Motion in Limine

Pursuant to Fed. R. Evid. 704(a), "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  However, expert witnesses are prohibited from rendering opinions which constitute legal conclusions.  See Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983) ("[Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give *legal* conclusions.") (emphasis in original).

As identified by the Amended Designation of Experts, the plaintiffs seek to offer testimony from two attorneys familiar with personal injury and Federal Employee's Liability Act (FELA) law. The proffered testimony largely concerns how the language used in the hearing loss releases should be interpreted.  See Amended Designation of Experts, ¶¶B-F.  Further testimony offered from the experts include describing that the "custom and practice" within personal injury/FELA actions is to "negotiate the consideration to be paid for the release of a specific claim or claims[,]" and that the consideration paid in this case as to the hearing loss release

-3-

was insufficient for the "discharge of all future occupations, disease-type illnesses." Amended Designation of Experts, ¶G. Moreover, the experts also opine that the normal "custom, usage and practice" in personal injury/FELA law is to "describe in exact detail, the nature, and extent of claims which are subject to discharge by way of a release." Amended Designation of Experts, ¶I.

ICRC argues that these opinions should be inadmissible because they "offer only legal conclusions regarding the enforceability of the release agreements, and Plaintiffs' entitlement to punitive damages as a matter of law[.]" Def. Memo. in Support of Supp. Motion in Limine, at 4. The plaintiffs, however, contend that their designated experts will not offer opinions as to legal conclusions, but rather their testimony will be offered "to provide information to the jury so that the jury may gain understanding and insight into the complex issues raised by ICRR's various defenses." Pl. Memo. in Opposition to Supp. Motion in Limine, ¶2. The plaintiffs go on to argue:

> For instance, the hearing loss releases purport to settle "pending" claims. The hearing loss releases do not contain any reference to "future" or "unknown" claims. How will the jury in this case decide what FELA/personal injury lawyers mean by the term "pending" claims unless they are provided expert opinion regarding custom and usage of that term within this specialized area of practice? Likewise, how is the jury to make a factual finding regarding the parties['] intent to release future claims if they are

-4-

> not generally informed about the practice
> surrounding drafting releases to include
> "future" or "unknown" claims?  It is readily
> seen that technical information with respect
> to FELA/personal injury practices is necessary
> for the jury to comprehend the claims and
> defenses in this action.

Pl. Memo. in Opposition to Def. Supp. Motion in Limine, ¶2.

Both parties' pleadings make the assumption that the jury will ultimately be asked to decide whether or not the hearing loss release language bars the present suit.  However, unless it has been shown that the release language is ambiguous, the trial court bears the responsibility to determine the legal effect of a settlement agreement on future suits.  See LTV Educ. Sys., Inc. v. Bell, 862 F.2d 1168, 1172 (5th Cir. 1989) ("[W]here the parties' intentions can be ascertained from the unambiguous language of the instrument, construction of the release is a question of law for the court.").  Only if the settlement language is ambiguous will a jury be allowed to determine the parties' intent.  Id.

The question of whether the release language is ambiguous or not has not been presented to the Court as of this time.  Inasmuch as it is currently unclear as to whether a jury will ultimately need to determine the parties' intent regarding the release language, the Court will deny ICRC's Supplemental Motion in Limine without prejudice.  The deadline for filing dispositive motions in this case will not run until June 12, 2006.  See Scheduling Order dated Jan. 31, 2006.  If and when a determination is made that a

jury's fact-finding role will be necessary to determine the proper construction of the hearing loss release, the defendants may re-urge the Court to strike the plaintiffs' proffered experts.  At that time, the case would be more properly postured for a determination on the merits regarding this issue.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the defendant's Supplemental Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses shall be denied; accordingly,

IT IS HEREBY ORDERED that the defendant's Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [**docket entry no. 26**] is **DENIED** as **MOOT;**

IT IS FURTHER ORDERED that the defendant's Supplemental Motion in Limine to Strike Plaintiffs' Designation of Expert Witnesses [**docket entry no. 52**] is **DENIED WITHOUT PREJUDICE.**

SO ORDERED, this the 21st day of February, 2006.

<u>S/DAVID BRAMLETTE</u>
UNITED STATES DISTRICT JUDGE